UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOSE ERIC RAMOS,
    Plaintiff,

v.                                            Case No. 3:15cv1444(VAB)

ANTHONY J. BRUNO and
JOHN DOE, Commissioner
of the Department of Corrections, C.T.,
    Defendants.

## RULING AND ORDER

Plaintiff, Jose Eric Ramos, is currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut. Mr. Ramos filed a civil rights complaint asserting claims under the First and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA") 42 U.S.C. § 2000cc, *et seq.* against the Department of Correction, Reverend Anthony J. Bruno, Counselor Arcouette and John Doe, Commissioner of the Department of Correction.

On February 24, 2016, the Court dismissed all claims for monetary damages against the Defendants in their official capacities under 28 U.S.C. § 1915A(b)(2) and all other claims against the Department of Correction and Counselor Arcouette under 28 U.S.C. § 1915A(b)(1). Initial Review Order, ECF No. 9. The Court concluded that the First Amendment, Fourteenth Amendment, and RLUIPA claims would proceed against the Commissioner of the Department of Correction and Reverend Bruno in their individual and official capacities. *Id.* The Court informed Mr. Ramos that the U.S. Marshal could not serve the Commissioner of the Department of Correction until he identified the Commissioner by name. *Id.* at 8. Mr. Ramos has filed a motion

for summary judgment and a notice identifying the name of Defendant Commissioner of the Department of Correction.  For the reasons set forth below, the motion for summary judgment is **DENIED** without prejudice.

I.      **Motion for Summary Judgment [ECF No. 10]**

Mr. Ramos argues that summary judgment is warranted because the Defendants have not filed any motions in the case and have not responded to his allegations.  His motion is one page in length and is dated February 24, 2016.   The fact that the Defendants have not filed a response to the Complaint is not a basis for granting summary judgment in favor of Mr. Ramos.  As indicated above, the Court issued its Initial Review Order on the same day that Mr. Ramos drafted his motion for summary judgment.   At that time, none of the Defendants had been served with a copy of the Complaint and had no obligation to respond to it.

Furthermore, the District of Connecticut's Local Rule 56(a) requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  D. Conn. L. Civ. R. 56(a).  Local Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  D. Conn. L. Civ. R 56(a)3.  This specific citation requirement applies to *pro se* litigants as well as to attorneys.  *See id.*  Local Rule 56(a)4 requires that the movant file a memorandum in support of his motion.  D. Conn. L. Civ. R

2

56(a)4; *see also* D. Conn. L. Civ. R. 7(a) ("Any motion involving disputed issues of law shall be accompanied by a written memorandum of law….").

Mr. Ramos has filed neither a memorandum in support of his motion for summary judgment nor a Local Rule 56(a)1 Statement.  In addition, Mr. Ramos has submitted no evidence in support of his motion to demonstrate that there are no issues of material fact in dispute and that he is entitled to judgment as a matter of law.  Accordingly, the motion for summary judgment is denied without prejudice.

Attached to the motion is a letter addressed to the Clerk seeking applications for a change of address.  The Clerk does not maintain address change forms.  If Mr. Ramos changes his mailing address during the litigation of a case, he may send a letter to the Clerk informing her of his new address.  Any such letter should include the case name and number for each case filed by Mr. Ramos that is still pending in this Court.

Mr. Ramos also seeks an application to proceed *in forma pauperis* form.  To the extent that the Clerk has not already done so, the Court directs her to mail Mr. Ramos a prisoner application to proceed *in forma pauperis* form.

**II.     Commissioner of the Department of Correction**

Mr. Ramos has filed two notices with the Clerk indicating that the name of Defendant Commissioner of the Department of Correction is Leo C. Arnone.  *See* Notices, ECF Nos. 13, 14. The Clerk is directed to terminate Defendant John Doe, Commissioner of the Department of Correction, and add Commissioner Leo C. Arnone as a Defendant.   The Clerk shall also make the necessary arrangements to serve the Complaint on Commissioner Leo C. Arnone in his individual and official capacities.


**Conclusion**

The Motion for Summary Judgment [**Doc. No. 10**] is **DENIED** without prejudice. To the extent that the Clerk has not already done so, she is directed to mail Mr. Ramos a prisoner application to proceed *in forma pauperis* form. The Clerk is also directed to **TERMINATE** Defendant John Doe, Commissioner of the Department of Correction, and **ADD** Commissioner Leo C. Arnone as a Defendant.

**Within fourteen (14) days of this Order**, the U.S. Marshals Service shall serve **a summons, a copy of the Complaint, the Initial Review Order and this Order** on Defendant Arnone in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

**Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Commissioner Leo C. Arnone and mail a waiver of service of process request packet to Defendant Arnone in his individual capacity at his current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of the request. If Defendant Arnone fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**Defendant Arnone shall file his response to the Complaint in his official capacity**, either an answer or motion to dismiss, **within twenty-one (21) days** of the date he is served with the summons and copy of the complaint. **Defendant Arnone shall file his response to the Complaint in his individual capacity**, either an answer or motion to dismiss**, within sixty (60) days** from the

date the notice of lawsuit and waiver of service of summons forms are mailed to him.  If the Defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

      SO ORDERED at Bridgeport, Connecticut this 25th day of April, 2016.

                                      /s/ Victor A. Bolden
                                      VICTOR A. BOLDEN
                                      UNITED STATES DISTRICT JUDGE