UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE ERIC RAMOS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:15cv1444 (VAB) |
| | : |
| DEP'T OF CORRECTION, ET AL.,<br>    Defendants. | :<br>: |

**RULING ON MOTIONS TO AMEND, TO DISMISS, FOR SUMMARY JUDGMENT AND PROPOSED SUPPLEMENTAL COMPLAINTS**

Plaintiff, Jose Eric Ramos, is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). He initiated this action by filing a civil rights complaint asserting claims under the First and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA") 42 U.S.C. § 2000cc, *et seq.* against the Department of Correction, Reverend Bruno, Counselor Arcouette and John Doe Commissioner of the Department of Correction. Compl., ECF No. 1.

On February 24, 2016, the Court dismissed all claims for monetary damages against the defendants in their official capacities under 28 U.S.C. § 1915A(b)(2) and all other claims against the Department of Correction and Counselor Arcouette under 28 U.S.C. § 1915A(b)(1). *See* Initial Review Order, ECF No. 9. The Court concluded that the First Amendment free exercise claim, the Fourteenth Amendment equal protection claim and RLUIPA claim would proceed against the Commissioner of Correction and Reverend Bruno in their individual and official capacities. *Id.* at 7. The Court informed Mr. Ramos that the U.S. Marshal could not serve the Commissioner of Correction until he identified the Commissioner by name. *Id.* at 8. On March 16, 2016, Mr. Ramos identified the Commissioner of Correction as Leo C. Arnone. Notice,

ECF No. 13.  On April 25, 2016, the Court directed the clerk to add Leo C. Arnone as a Defendant and to terminate the defendant known as Commissioner of Correction.  Order, ECF No. 16.

Mr. Ramos has filed a motion to amend the Complaint (ECF No. 22), two motions for summary judgment (ECF Nos. 26, 36) and two proposed supplemental complaints (ECF Nos. 44, 48).  Defendants have filed a motion to dismiss.  *See* Mot. to Dismiss, ECF No. 29.  For the reasons set forth below, the motion to amend is GRANTED, the motions for summary judgment and to dismiss are DENIED without prejudice, and the supplemental complaints shall be stricken from the docket.

### I. Motions for Leave to Amend and to Dismiss [ECF Nos. 22, 29]

Mr. Ramos seeks leave to file an amended complaint to add former Deputy Commissioner Scott Semple and former Commissioner Dzurenda as defendants.   Mot. Leave Amend, 1.  He claims that on April 16, 2014, he wrote to Commissioner Dzurenda and stated that he had not received the tarot cards that he had ordered and had been approved by Bruno in May 2013.  *Id.* at p. 2, 2.  On June 23, 2014, Deputy Commissioner Semple responded to the letter and indicated that neither he nor Dzurenda would take any action to correct the situation.  Mr. Ramos also seeks to add a deprivation of property claim with regard to the tarot cards that he paid for in May 2013, but he has never received.  *Id.* at 5.

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint once as of right "within: (A) 21 days after serving [the complaint], or (B) . . . [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, for more definite statement or to strike, "whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Because

Defendants had not filed an answer or moved to dismiss before the filing of the motion to amend, Mr. Ramos may amend once as a matter of right. Accordingly, the motion to amend is granted.

Ordinarily, the Court would direct the Clerk to docket the proposed amended complaint attached to the motion to amend. In this instance, however, the proposed amended complaint is incomplete. Mr. Ramos describes the proposed amended complaint as "an addition to the original complaint." Mot. Leave Amend, 1.

An amended complaint, however, completely replaces the original complaint. *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir.2000); Harris v. City of N.Y., 186 F.3d 243, 249 (2d Cir.1999) (explaining that an "Amended Complaint is the legally effective pleading for Rule 12(b)(6) purposes" (internal citation omitted)); *Pratt v. City of N.Y.*, 929 F. Supp. 2d 314, 319 (S.D.N.Y. 2013) ("However, the general rule is that an amended complaint supersedes an original complaint and renders it without legal effect."). Thus, Mr. Ramos cannot simply file an amended complaint that only asserts new claims sought to be added. Although the proposed amended complaint includes the First Amendment free exercise claim and RLUIPA claim against Reverend Bruno, it does not mention or include claims against former Commissioner Arnone or the Fourteenth Amendment equal protection claim against Reverend Bruno. *See* Mot. Leave Amend, p. 2.

In addition, the proposed amended complaint is deficient because the title on the first page lists Defendants as Department of Correction, et al. *See* Mot. Leave Amend, p. 2. The title of a complaint or amended complaint must list all of the defendants. *See* Fed. R. Civ. P. 10(a). The proposed amended complaint also fails to include a request for relief as required by Fed. R. Civ. P. 8(a)(3),

3

Accordingly, the Court directs Mr. Ramos to file an amended complaint that includes himself as Plaintiff and Commissioner Arnone, Commissioner Dzurenda, Deputy Commissioner Scott Semple and Reverend Bruno as Defendants in the title on the first page and also includes request for relief.  In addition, the amended complaint should include the First Amendment free exercise claim, the RLUIPA claim and Fourteenth Amendment equal protection claim as asserted in the original complaint against Reverend Bruno and Commissioner Arnone and the deprivation of property claim and the free exercise of religion claim as asserted in the proposed amended complaint against Commissioner Dzurenda and Deputy Commissioner Semple.  In view of the order directing Mr. Ramos to file an amended complaint, the motion to dismiss (ECF No. 29) addressed to the complaint will be dismissed without prejudice.

## II.     Proposed Supplemental Complaints [ECF Nos. 44, 48]

On July 19, 2016, Mr. Ramos filed a first proposed supplemental complaint.  On August 23, 2016, Mr. Ramos filed a second proposed supplemental complaint.  Rule 15(d) of the Federal Rules of Civil Procedure permits a party to move to file a supplemental pleading and the district court to grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms."  Fed. R. Civ. P.  15(d).  Mr. Ramos did not seek leave to file either of the supplemental complaints as required by Rule 15(d).  Thus, they were improperly filed.

Even if the Court construed the supplemental complaints as motions seeking leave to file them, the Court would deny the motions.  A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P.  15(d).  "A trial court has broad discretion in determining whether to grant a motion to file a supplemental [complaint] under

4

Rule 15(d)." *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010).

In deciding whether to grant a plaintiff's motion to supplement a pleading based on Rule 15(d), a district court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, district courts should contemplate prejudice to the opposing party and, in their discretion grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

A district court may grant permission to file supplemental pleadings under Rule 15(d), when it determines that "the supplemental facts connect it to the original pleading." *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (plaintiff's proposed supplemental complaint was related to the original complaint when it added a retaliation charge to her original pleading, which made out a prima facie case of pregnancy discrimination). The Court will not permit Mr. Ramos to add the unrelated claims set forth in the proposed supplemental complaint. *See LaBarbera v. Audax Construction Corp.*, 971 F. Supp. 2d 273, 285 (E.D.N.Y. 2013) (denying motion to amend or supplement complaint on ground that new claims sought to be added involved issues that were "wholly unrelated" to the resolution of claims included in the complaint) (citations omitted); *Walls v. Fischer*, 615 F. Supp. 2d 75, 85 (W.D.N.Y. 2009) (denying motion to file supplemental complaint because new claims concerned incidents at a

5

different correctional facility, involved different correctional staff members than the defendants named in the complaint "and only tangentially relate[d] to the matters asserted in the [complaint]") (citations omitted).

In considering whether to grant a motion for leave to amend, the Court may properly take into account the futility associated with the newly-added claims or defenses. *Foman*, 371 U.S. at 182; *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003) ("[I]t is well established that leave to amend a [pleading] need not be granted when amendment would be futile."). An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Both of Mr. Ramos's proposed supplemental complaints add allegations that are "wholly unrelated" to those raised in his initial complaint. *LaBarbera*, 971 F. Supp. 2d at 285. Additionally, Mr. Ramos does not state a plausible retaliation claim in his first supplemental complaint, so granting Mr. Ramos leave to supplement the complaint would be futile. *Foman*, 371 U.S. at 182. For the reasons that follow, both complaints must removed from the docket for this case.

1. **First Supplemental Complaint**

Mr. Ramos's first supplemental complaint seeks to add several claims. The first claim is a retaliation claim against Reverend Bruno. Proposed Supplemental Compl., ECF No. 44, 40. Mr. Ramos alleges that Reverend Bruno directed an officer to return tarot cards that had been ordered from an outside vendor in December 2012, to the vendor on March 8, 2013, a day after Mr. Ramos spoke to his attorney on a prison telephone about filing a lawsuit pertaining to issues with the tarot cards. *See Id.* at 17. The allegations relate to a time period from December 2012

to March 2013.  These allegations are not supplemental to the complaint because the complaint was filed in October 2015.

To the extent that Mr. Ramos seeks to amend the Complaint to add these allegations, they do not support a plausible retaliation claim.  "In order to prevail on his retaliation claims, [plaintiff] bears the burden of showing, first, that he engaged in constitutionally protected conduct and, second, that the conduct was the substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted).  Because of the "ease with which claims of retaliation may be fabricated," the Court "examines prisoners' claims of retaliation with skepticism and particular care." *Colon v. Coughlin*, 58 F.3d 865. 872 (2d Cir. 1995). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983).

In determining whether there was a causal connection between retaliatory conduct and the inmate's protected speech, courts considers "any statements regarding [the official's] motivation in taking action against [the inmate], the temporal proximity between the protected activity and … whether there was a subsequent finding that the adverse action was not justified or was improper."  *Solman v. Corl*, No. 3:15-cv-1610(JCH), 2016 U.S. Dist. LEXIS 156111, at *10-11 (D. Conn. Nov. 10, 2016); *Bennett*, 343 F.3d at 138 (circumstantial evidence of retaliation "further supported by the fact that essentially all relevant adverse actions by DOCS officials were subsequently found to have been unjustified") (citation omitted).

Mr. Ramos claims that his telephone call to his attorney on March 7, 2013 was subject to recording. *See* Proposed Supplemental Compl., ¶ 17. He does not allege that Reverend Bruno had the opportunity to listen to this telephone call or otherwise knew of Mr. Ramos' lawsuit. Summary judgment is appropriate on a retaliation claim when a plaintiff does not allege that the officers who were allegedly retaliating knew of the plaintiff's protected activities. *See, e.g. Shaheen v. Filion*, No. 9:04 CV 625 FJS/DRH, 2006 WL 2792739, at *3 (N.D.N.Y. Sept. 17, 2006) (retaliation claim should be dismissed because the plaintiff "provides no evidence to demonstrate that any defendant had any knowledge of his complaints against prison officials prior to the filing of the misbehavior report."); *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 369 (S.D.N.Y. 2011) ("Roseboro does not present any evidence that Counselor Wingate even knew that Roseboro filed a grievance … and merely speculates that 'someone brought it to her attention.' … This speculation is not enough to defeat summary judgment.").

Furthermore, even if Rev. Bruno did know that Mr. Ramos had engaged in protected activity, Mr. Ramos has not alleged that the telephone call to his attorney about a lawsuit was a "substantial or motivating factor" in the decision to return the tarot cards to the non-approved vendor. In January 2013, Mr. Ramos was aware that he must re-order a new deck of tarot cards from a different vendor than the vendor that he had ordered tarot cards from in December 2012. He notes that "on or about January 2013 I was told by the CTO that I would need to reorder another set of tarot cards through a specific vendor within a specific amount of days." Ramos Aff., Att. to Proposed Supplemental Compl., ¶ 8. Based on Mr. Ramos' own allegations, Rev. Bruno had decided to return the tarot cards to the non-approved vendor before Mr. Ramos contacted his lawyer or engaged in other protected activity. Rev. Bruno had a non-retaliatory

8

justification for his decision to return the tarot cards to a non-approved vendor, making Mr. Ramos's allegations of retaliation conclusory. *Walker v. Schriro*, 2013 U.S. Dist. LEXIS 42551, 2013 WL 1234930, at *8 (S.D.N.Y. Mar. 26, 2013) ("Even at the motion to dismiss stage, the inmate must allege more than his personal belief that he is the victim of retaliation. Conclusory allegations of retaliation are not sufficient; the plaintiff must [allege facts] from which retaliation may plausibly be inferred.") (internal quotation marks omitted); *see also Blue v. Koren*, 72 F.3d 1075, 1085 (2d Cir.1995) ("a temporal sequence may fuel ... suspicions, [but] it does not suffice to satisfy the heightened evidentiary standard"); *Parks v. Lantz*, No. 3:09CV604 VLB, 2012 WL 1059696, at *12 (D. Conn. Mar. 28, 2012) (dismissing retaliation claim when "the plaintiff's transfers were made for a reason other than the retaliatory reasons the plaintiff has asserted were the basis for the transfers").

    Mr. Ramos also seeks to add two new defendants and additional claims against them regarding the deprivation of his tarot cards. Mr. Ramos first states that he called the State of Connecticut Police multiple times to file a complaint concerning the deprivation of his tarot cards. Proposed Supplemental Compl., 23. He also alleges that Correctional Officer Hernandez, who worked in the intelligence and investigation unit at Northern Correctional Institution ("Northern"), informed him that a state trooper had come to the facility, but had left without speaking to Mr. Ramos. *Id.* at 24. Mr. Ramos alleges that in this conversation, Officer Hernandez promised to "make good and correct" the issue regarding the deprivation of tarot cards, but that he did not do so. *Id.* at 25. He further alleges that, in August 2015, he met with a state trooper and Lieutenant Roy at MacDougall-Walker, who allegedly threatened to place Mr. Ramos in segregation and charge him with filing a false report if he "continued to pursue this

case/issue." *Id.* at 26. Lieutenant Roy later informed Mr. Ramos that the tarot cards had been sent to Northern.

These allegations pertain to incidents that occurred before the filing of the Complaint. Thus, they are not supplemental claims. Furthermore, an alleged victim of a crime has no right to have the alleged perpetrator investigated or criminally prosecuted. *See S. v. D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Joyce v. Hanney*, 2009 WL 563633, at *9 (D. Conn. Mar. 4, 2009) (prisoner had no constitutional right to have defendants disciplined or prosecuted). Absent any right to have the alleged perpetrators of the theft of Mr. Ramos' tarot cards prosecuted or disciplined, the claims pertaining to Mr. Ramos' meetings with the state police in an effort to file or pursue criminal complaints fail to state a claim upon which relief may be granted. Thus, it would be futile to permit Mr. Ramos to amend the Complaint to add allegations against new defendants pertaining to his attempts to pursue criminal charges against those individuals he claims stole his tarot cards. The Court will not permit Mr. Ramos to add these claims.

Mr. Ramos also seeks to add multiple claims regarding allegedly unconstitutional conduct by unnamed correctional officials. He says that he was "further victimized and targeted by [Department of Corrections] personnel on countless occasions." Proposed Supplemental Compl., 29. Mr. Ramos alleges that books have been stolen from him during his transfers to different prison facilities, he has not received prescribed medication and correctional staff have refused to approve his requests to order and receive foreign language books. *Id.* Mr. Ramos does not identify the individuals that allegedly engaged in this conduct but he claims the conduct was retaliatory. *Id.*

10

Mr. Ramos names neither Commissioner Arnone nor Reverend Bruno these additional allegations concerning unnamed correctional officers's retaliatory conduct, deliberate indifference to his medical needs, or deprivation of books as set forth in the proposed supplemental complaint. The Court concludes that these incidents and claims are not sufficiently related or connected to the claims in the Complaint to permit them to be added. *See LaBarbera v. Audax Construction Corp.*, 971 F. Supp. 2d 273, 285 (E.D.N.Y. 2013) (denying motion to amend or supplement complaint on ground that new claims sought to be added involved issues that were "wholly unrelated" to the resolution of claims included in the complaint) (citations omitted); *Walls v. Fischer*, 615 F. Supp. 2d 75, 85 (W.D.N.Y. 2009) (denying motion to file supplemental complaint because new claims concerned incidents at a different correctional facility, involved different correctional staff members than the defendants named in the complaint "and only tangentially relate[d] to the matters asserted in the [complaint]") (citations omitted).

For the reasons set forth above, the Court will not permit Mr. Ramos to proceed as to the claims in the first proposed supplemental complaint. The Clerk is directed to strike the first proposed supplemental complaint from the docket.

**2. Second Proposed Supplemental Complaint**

The second proposed supplemental complaint seeks to add the University of Connecticut/Prison Authorities in charge of medical care as a defendant as well as claims regarding denial of medication and medical treatment. *See* Proposed Supplemental Compl., ECF No. 48 at 9. Mr. Ramos claims that he wrote to prison officials "multiple times" concerning pain in his shoulder, and only received Ibuprofen rather than the Motrin and physical therapy he

11

requested. *Id.* at 32-37.

Mr. Ramos also adds allegations about prison officials's interference with his access to publications. He also claims that prison officials rejected his request for books by requiring that he get a "school princip[al]'s permission, even though this had never been a stipulation in the past and plaintiff had no connection what so ever to the facility school." *Id.* at 39. He further alleges that he received the book and the required approval in July 2016, after a long delay, and that the prison "was discriminating" in this process. *Id.* at 41. He also alleges that his family sent several books to him in July 2016 and that prison officials kept some of these books in the mailroom for a long time. *Id.* at 42-43. The Department of Corrections rejected one of the books "in its entirety," citing state regulations prohibiting the distribution of publications that are "written in code." *Id.* at 44; see also Publication Rejection Notice (8/16/2016), Ex. E, Second Proposed Supplemental Compl. Mr. Ramos alleges that prison officials denied of or delayed his medical treatment and rejected his orders for books in retaliation for filing this lawsuit. *See Id.* at 55.

As discussed above, the incidents involving the alleged denial of or deliberate indifference to medical treatment and improper deprivation of books are unrelated to the claims in Mr. Ramos' original complaint. Although the conduct occurred after the filing of the complaint, the allegations are not sufficiently related to the claims in the Complaint to allow them to be added. The Court will not permit Mr. Ramos to add the unrelated allegations asserted in the second proposed supplemental complaint. The Clerk is directed to strike the second proposed supplemental complaint from the docket.

**III.    Motions for Summary Judgments [ECF Nos. 26, 36]**

Mr. Ramos has filed two almost identical motions arguing that he is entitled to summary judgment on all of his remaining claims. Both motions will be denied.

### 1. First Motion for Summary Judgment

In his first motion for summary judgment, Mr. Ramos contends that Defendants stole his tarot cards, did not return them to him or to the vendor, and treated him unequally on the basis of his religion. He argues that he is entitled to summary judgment based on these claims.

This Court's Local Rules require that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)(1) Statement,' which sets forth in separately numbered paragraphs … a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R. 56(a). These rules also require that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." D. Conn. L. Civ. R 56(a)(3). The movant must "file and serve" this evidence along with the Local Rule 56(a)(1) Statement. *Id.* This specific citation requirement applies to *pro se* litigants as well as to attorneys. *Id.; see also Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (in adjudicating summary judgment, courts "must be satisfied that the citation to evidence in the record supports the assertion").

Mr. Ramos has filed a memorandum and affidavit in support of the motion for summary judgment, but has not filed a Local Rule 56(a)(1) Statement. Because Mr. Ramos has not complied with Local Rule 56(a)(1), his first motion for summary judgment is denied without prejudice.

### 2. Second Motion for Summary Judgment

In his second motion for summary judgment, Mr. Ramos claims that he is entitled to summary judgment on his free exercise, equal protection and RLUIPA claims. All of these claims stem from alleged interactions between Mr. Ramos and prison officials regarding his still-pending request for tarot cards, which are important to the practice of his religion. The motion, memorandum, affidavit, and exhibits are essentially identical to the first motion for summary judgment and accompanying documents addressed in the prior section of this ruling.[1] In support of the second motion for summary judgment, however, Mr. Ramos has also filed a Local Rule 56(a)(1) Statement.

In the memorandum in support of the second motion for summary judgment, Mr. Ramos states that there are "genuine issue[s] of material fact that Defendants violated [his] First and Fourteenth Amendment rights." Pl.'s Mem., ECF No. 36, 7. He asserts that Defendants discriminated against him on the basis of his religion by denying his access to his tarot cards, and that the prison regulation or policy that prohibits inmates from purchasing tarot cards from non-approved vendors imposes a substantial burden on the exercise of his religion. *Id.* In addition, he claims that Defendants continue to treat other inmates who practice the Santeria religion differently than inmates of other religions, because inmates of other faiths are permitted to possess religious artifacts. *Id.* at 7-8.

On September 1, 2016, the Court granted Defendants' second motion for extension of time to respond to Plaintiff's motion for summary judgment until thirty days following a ruling by the court on the pending motion to dismiss. *See* ECF No. 49, 50. Given that the motion to dismiss has been denied without prejudice so that Plaintiff can amend his Complaint, the Court

---

[1] The only difference being the submission of one additional exhibit in support of the first motion for summary judgment. *See* ECF No. 26 at 17.

14

denies the second motion for summary judgment without prejudice to renewal after the filing of an amended complaint.

## Conclusion

The Motion for Leave to Amend [**ECF No. 22**] is **GRANTED**.   The Motion to Dismiss [**ECF No. 29**], the Motions for Summary Judgment [**ECF Nos. 26, 36**] are **DENIED** without prejudice.   The court directs the Clerk to **STRIKE** the Proposed Supplemental Complaints **[ECF Nos. 44, 48]** from the docket.

**The Clerk shall NOT docket the proposed amended complaint attached to the motion for leave to amend [ECF No. 22].**

The court warns Mr. Ramos that he has not been granted leave to add any of the new claims from his proposed supplemental complaint.  Mr. Ramos may file an amended complaint within thirty days of the date of this order that includes himself as the plaintiff and Commissioner Arnone, Commissioner Dzurenda, Deputy Commissioner Scott Semple, and Reverend Bruno as defendants in the title on the first page and a also includes request for relief. In addition, the amended complaint should include the First Amendment free exercise claim, the RLUIPA claim, and the Fourteenth Amendment equal protection claim as asserted in the complaint against Reverend Bruno and Commissioner Arnone and the deprivation of property claim and the free exercise of religion claim as asserted in the proposed amended complaint against Commissioner Dzurenda and Deputy Commissioner Semple.

SO ORDERED at Bridgeport, Connecticut this 3rd day of March 2017.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE