UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE ERIC RAMOS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15cv1444(VAB) |
| | : | |
| DEP'T OF CORRECTION, ET AL., | : | |
| Defendants. | : | |

**<u>RULING ON PENDING MOTIONS</u>**

Plaintiff, Jose Eric Ramos, is currently confined at MacDougall-Walker Correctional

Institution in Suffield, Connecticut ("MacDougall-Walker").  He initiated this action by filing a

civil rights complaint asserting claims under the First and Fourteenth Amendments as well as

under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), and 42 U.S.C. §

2000cc, *et seq.* against the Department of Correction, Reverend Bruno, Counselor Arcouette, and

John Doe Commissioner of the Department of Correction.  Compl., ECF No. 1.

On February 24, 2016, the Court dismissed all claims for monetary damages against

Defendants in their official capacities under 28 U.S.C. § 1915A(b)(2) and all other claims against

the Department of Correction and Counselor Arcouette under 28 U.S.C. § 1915A(b)(1).  *See*

Initial Review Order, ECF No. 9.  The Court concluded that Mr. Ramos's First Amendment free

exercise claim, his Fourteenth Amendment equal protection claim, and his RLUIPA claim would

proceed against the Commissioner of Correction and Reverend Bruno in their individual and

official capacities.  *Id.* at 7.

Mr. Ramos has filed two motions for an order directing Defendants to answer the

complaint, a motion to accept and preserve discovery, three motions for default, two motions for

1

production of documents, a motion to appoint counsel, and a motion to disqualify Defendants'

counsel.  For the reasons set forth below, all of the motions are DENIED, with the exception of

the motion to appoint counsel, which is GRANTED for the limited purpose of providing Mr.

Ramos appointed counsel at the upcoming settlement conference.

I.      **Motion for Response to Service [ECF No. 21]**

In a motion dated April 14, 2016, Mr. Ramos asks the Court to order Defendants to

respond to the complaint.  Defendants filed a motion to dismiss the complaint on June 9, 2016.

Accordingly, Mr. Ramos's motion is denied as moot.

II.     **Motion for Court to Accept and Preserve Discovery [ECF No. 23]**

In another motion docketed on April 26, 2016, Mr. Ramos asks the Court to accept and

preserve the documents attached to his motion as discovery documents.  By attaching the

documents to the motion, the documents have, in effect, been accepted by and filed with the

Court.  Thus, the motion is denied to the extent that it seeks an order that his documents be

accepted.

In support of his request that the Court preserve the documents, he claims that he "has

had issues in the past with legal papers being stolen by Correction Officers." Mot., ECF No. 23,

1.  At the time of the filing of the motion, Mr. Ramos was confined at Corrigan-Radgwoski

Correctional Institution ("Corrigan").  Mr. Ramos adds that he did not have problems with theft

at Corrigan, but filed the motion "out of precaution in the event that [he] be transferred."  *Id.* at

1.  Mr. Ramos is currently confined at MacDougall-Walker.  He did not mention any problems

with officers at MacDougall-Walker in his motion.  *See id.*

The Court notes that the documents attached to the motion have been submitted as attachments to motions and pleadings that have been filed with the Court since the filing of the motion to accept and preserve.  *See* ECF Nos. 26, 36, 44.  Thus, they are now preserved as part of the Court record.  Furthermore, there is no evidence that the documents and exhibits have been or will be destroyed by prison officials at MacDougall-Walker.  For the reasons set forth above, the motion to preserve and accept discovery is denied in all respects.

III.     **Motion for Default [ECF No. 33]**

In a motion docketed on June 17, 2016, Mr. Ramos claims that Defendants are in default for failure to respond to the complaint.  *See* Mot. for Default entry 55(a), ECF No. 33. Defendants filed a motion to dismiss on June 9, 2016.  *See* Mot. to Dismiss, ECF No. 29. Because Defendants are not in default for failure to plead, the motion is denied.  *See* Fed. R. Civ. P. 55 (a) (allowing for default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.").

Mr. Ramos also claims that, on an unidentified date, he served interrogatories and a request for production of documents on counsel for Defendants.  Mot. for Default, 1.  On June 1, 2016, counsel for Defendants indicated that he would need an extension of time to respond to the discovery requests.  *Id.* at 2.  Mr. Ramos agreed to the extension of time.  On June 8, 2016, counsel for Defendants served objections to the interrogatories and request for production of documents on Mr. Ramos.  *Id.*  Mr. Ramos claims that counsel breached a verbal agreement to respond to the discovery requests and not to object to the requests.  *Id.*

The docket reflects no extension of time to respond to discovery requests having been filed by Defendants.  Furthermore, counsel for Defendants did not violate Rules 33 and 34 of the

Federal Rules of Civil Procedure by objecting to the interrogatories and request for production of documents.  *See* Fed. R. Civ. P. 33(b)(2)-(4); 34(b)(2)(A)-(C).  Accordingly, the motion for default is denied to the extent that it seeks a default against Defendants with regard to allegedly improper responses to discovery requests.

The Court will not construe the motion for default as a motion to compel because it does not comply with Local Rule 37(a) or (b).  *See* D. Conn. L. Civ. R. 37(a) (a motion to compel must include an affidavit certifying that the party has made an attempt to confer with the person or party who has failed to provide discovery in a good faith effort to resolve the discovery dispute without the intervention of the Court); D. Conn. L. Civ. R. 37(b)1 (every discovery motion must be accompanied by a detailed memorandum of law containing specific items of discovery sought or opposed and "the reason why the item should be allowed or disallowed" and copies of the disputed discovery requests must also be attached to the memorandum).  Mr. Ramos did not file a memorandum in support of his motion or submit copies of the discovery requests.  He mentions writing to counsel many times, but did not file an affidavit describing his attempts to resolve the discovery dispute related to counsel's objections to interrogatories and the request for production.  The motion for default is denied in all respects.

## IV.   Motions for Default Judgment [ECF Nos. 60, 63]

In a motion dated November 28, 2016, Mr. Ramos seeks a default judgment against Defendants for their failure to respond to his motion for summary judgment (ECF No. 36).  On July 14, 2016, the Court granted Defendants an extension of time until September 5, 2016 to respond to the motion for summary judgment.  *See* ECF No. 41.  On September 1, 2016, the Court granted Defendants an extension of time to respond to the motion for summary judgment

until thirty days after the Court rules on the motion to dismiss.  *See* ECF No. 50.  Thus, Defendants are not in default for failure to respond to the motion for summary judgment. Accordingly, the first motion for default judgment is denied.

In a motion dated December 20, 2016, Mr. Ramos seeks a default judgment because he claims that the Court entered an order deeming as admitted a request for admission that he had filed on December 2, 2016 (ECF No. 61).  As a preliminary matter, discovery requests are not to be filed with the Court under Local Rule 5(f).  D. Conn. L. R. Civ. P. 5(f) ("interrogatories, requests for documents, requests for admissions, and answers and responses shall not be filed with the Clerk's Office except by order of the Court.").  Furthermore, the document that Mr. Ramos titles "Notice That Request For Addmition(s) Are Hereby Deemed Admitted By Operation of Law" is not a request for admission as set forth in Rule 36 of the Federal Rules of Civil Procedure.  Nor has the Court issued an order that any request for admission be deemed admitted.  Accordingly, the second motion for default judgment which relates to Mr. Ramos's Notice (ECF No. 61), is denied.

## V.      Motions/Requests for Production of Documents [ECF Nos. 40, 52]

Mr. Ramos has filed two motions requesting the production of documents.  The first motion is, in fact, a request for production of documents dated July 12, 2016 and is directed to both Defendants.  *See* Mot., ECF No. 40.  As indicated above, discovery requests are not to be filed with the Court.  *See* D. Conn. L. R. Civ. P. 5(f).  Because the motion seeks no relief from the Court, it is denied.

In the second motion, Mr. Ramos seeks to submit or produce documents or other tangible things in support of his second supplemental complaint.  *See* Mot., ECF No. 52.  Because the

Court has concluded that it will not let Mr. Ramos proceed as to the claims in the supplemental

complaints, the motion is denied as moot.

**VI.      Motion to Disqualify Counsel [ECF No. 51]**

Mr. Ramos seeks to disqualify Assistant Attorney General Thomas Davis from

representing Defendants in this action.  Mot., ECF No. 51.  He files this motion under Rule 13 of

the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 13 ("Counterclaim and Cross claim").

*Id.* at 1.  Rule 13 governs the filing of counterclaims and crossclaims and does not provide a

basis to disqualify counsel.

Mr. Ramos claims that Attorney Davis came to visit him in prison with another

individual who had possession of tarot cards.  Mot., 2.  Mr. Ramos suggests that the tarot cards

were the same cards that he had ordered from a vendor in December 2012.  *Id*.  Mr. Ramos had

been told by prison officials must be returned to the vendor.  *Id.*  Mr. Ramos claims that "the

man who accompanied attorney Thomas Davis Jr. to the visit with the Plaintiff was and is by law

in possession of stolen property/goods" and that Mr. Davis "should be considered an

accomplice." *Id.* at 3.

In his opposition to the motion to disqualify, Attorney Davis states that he visited Mr.

Ramos on June 1, 2016, in an attempt to settle this matter.  *See* Mem. Opp'n Mot. Disqualify,

ECF No. 55, 2-3.  Mr. Davis claims that he brought a deck of tarot cards to exchange in return

for the execution of a settlement agreement including a voluntary dismissal of the action by Mr.

Ramos.  *See id.*  Mr. Davis also states that the tarot cards were not the same cards ordered by Mr.

Ramos from a vendor by mail.  *See id.* at 3.  Mr. Ramos did not agree to sign the documents and

did not accept the tarot cards.  *See id.*  Mr. Davis reports that the settlement discussion ended when Mr. Ramos requested money in addition to the tarot cards.  *See id.*

A federal court's inherent power to "preserve the integrity of the adversary process," provides a basis for the Court to disqualify an attorney.  *Bd. of Educ. V. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).   In determining whether to disqualify an attorney, the Court makes an effort to balance "a client's right freely to choose his counsel" against "the need to maintain the highest standards of the profession." *Gov't of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978).   The Second Circuit has observed that "[t]he business of the [district] court is to dispose of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it."  *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) (citation omitted).  Furthermore, "a violation of professional ethics does not . . .  automatically result in disqualification of counsel." *Id.* (citation omitted).

Mr. Ramos has offered no proof that the tarot cards that Mr. Davis brought to the prison on June 1, 2016 were the same cards that Mr. Ramos ordered in December 2012.   Mr. Ramos has not alleged misconduct on the part of Attorney Davis or that any alleged unethical conduct would taint a trial in this action.  Furthermore, Mr. Ramos's disapproval of and objection to the offer of settlement is not a basis to disqualify Mr. Davis as counsel for Defendants.  The motion to disqualify is denied.

## VII.    Motion for Appointment of Counsel [ECF No. 42]

In a motion dated July 14, 2016, Mr. Ramos moves for an order appointing counsel to represent him in this case.  *See* Mot. Appoint Counsel, ECF No. 42.  He cites the "complex" issues in the case, the "significant research and investigation" that the case requires, and his

limited access to the law library while incarcerated. *Id.* at 1.  He also submits as an exhibit a

form that suggests that Mr. Ramos requested admission to the law library on July 10, 2016, but

that the library was full on that day.  *See id.* at Ex. A.

Civil litigants, unlike criminal defendants, do not have a constitutional right to the

appointment of counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district

judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an

indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to

represent any person unable to afford counsel.") (emphasis added).  The Second Circuit has

made clear that before an appointment is even considered in a civil action, an indigent litigant

must demonstrate that he or she is unable to obtain counsel or legal assistance.  *See Hodge*, 802

F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to

obtain counsel before appointment will even be considered.").

In support of his motion for appointment of counsel, Mr. Ramos attaches information

suggesting that he was unable to go the prison library on one day.  He also contends that trial in

this action will involve conflicting testimony and an attorney would be better able to present

evidence and cross-examine witnesses.

These allegations do not support the appointment of *pro bono* counsel for Mr. Ramos at

this time.  The case is not scheduled for trial.  Furthermore, Mr. Ramos has made no attempts to

secure legal representation or assistance on his own.  If he seeks assistance in litigating this case,

he may contact the Inmate legal Aid Program.[1]  Because there is a possibility that Mr. Ramos

---

[1] Attorneys at the Inmate Legal Aid Program may be contacted at the following address and
telephone number: Inmate Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange
Street, New Haven, CT 06510, Tel. 1-866-311-4527.

may be able to secure legal assistance or representation independently, the motion for appointment of counsel is denied by the Court at this time.  *See Hodge*, 802 F.2d at 61.

While Mr. Ramos has not demonstrated a need for the appointment of *pro bono* counsel for the purposes of trial, the Court recognizes that Mr. Ramos may benefit from representation at the recently scheduled settlement conference in this matter.  The Court therefore grants Mr. Ramos's motion in part, so that he will be appointed counsel for the limited purpose of representing him at a settlement conference before Judge Fitzsimmons.

**Conclusion**

The Motion to Disqualify Counsel **[ECF No. 51],** the Motions for Default Judgment **[ECF Nos. 60, 63],** the Motion for Response to Service **[ECF No. 21]** and the Second Request for Production of Documents **[ECF No. 40]** are **DENIED**.  The Motion for Default **[ECF No. 33]** and Motion for Court to Accept and Preserve Discovery **[ECF No. 23]** are **DENIED in all respects**.  The Motion/Request for Production of Documents and Tangible Things **[ECF No. 52]** is **DENIED** as moot.  The Motion for Appointment of Counsel **[ECF. No. 42]** is **DENIED in PART and GRANTED in PART,** without prejudice to refiling at a later stage of litigation. Any renewal of this motion shall be accompanied by a summary of Mr. Ramos's attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which Mr. Ramos made those contacts and the reasons why assistance was unavailable.

SO ORDERED at Bridgeport, Connecticut this 3rd day of March 2017.

/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE