UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JOSE ERIC RAMOS,
    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
ET AL.
    Defendants.

No. 3:15-cv-1444-VAB

**RULING ON PLAINTIFF'S MOTION TO COMPEL AND FOR JUDGMENT ON THE PLEADINGS**

Jose Eric Ramos ("Plaintiff") filed this lawsuit on October 2, 2015, asserting claims under the First and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), and 42 U.S.C. § 2000cc, *et seq. See generally* Compl., ECF No. 1. Following a settlement conference, the parties voluntarily dismissed the case, with prejudice and without costs or fees. *See* Notice of Voluntary Dismissal, ECF No. 93. The Court subsequently dismissed the case. *See* Order Dismissing Case, ECF No. 94.

Mr. Ramos now moves for a judgment on the pleadings "and/or" a motion to compel because he claims that Defendants breached the settlement agreement by requiring him to sign a W-9 form. Pl. Mot. at 1, ECF No. 96. He seeks compliance with the settlement agreement, and an additional $30,000.

For the reasons discussed below, the motion is **DENIED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Ramos is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"). *See* Amend. Compl. ¶ 3, ECF No. 76. Defendants

include the current and former Commissioners of the State of Connecticut Department of Corrections ("DOC"), as well as the director of religious services for the department. *Id.* ¶¶ 4-7. Each defendant is sued in their individual and official capacity. *Id.* ¶ 8.

### A. Factual Allegations[1]

Mr. Ramos alleges that he requested religious tarot cards from prison officials. *Id.* ¶ 9. He claims that the cards were shipped from a bookseller, but he was informed three months later that the cards were sent back to the bookseller because he had not filed out the proper forms. *Id.* ¶¶ 10, 14-15. Several months later, he ordered a second set of cards from Avanti Enterprises, Inc. *Id.* ¶ 17. He alleges that the Department of Corrections took money out of his inmate trust account, but he had not received the cards by the time he initiated the lawsuit. *Id.* ¶¶ 18-20

### B. Procedural History

Mr. Ramos filed the initial Complaint in this lawsuit on October 2, 2015. He asserted claims under the First and Fourteenth Amendments as well as under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA") 42 U.S.C. § 2000cc, *et seq*. against the Department of Correction, Reverend Bruno, Counselor Arcouette and John Doe Commissioner of the Department of Correction. *See generally* Compl.

The Court dismissed all claims for monetary damages against the defendants in their official capacities under 28 U.S.C. § 1915A(b)(2) and all other claims against the Department of Correction and Counselor Arcouette under 28 U.S.C. § 1915A(b)(1). *See* Initial Review Order at 7, ECF No. 9. The Court concluded, however, that the First Amendment free exercise claim, the Fourteenth Amendment equal protection claim and RLUIPA claim would proceed against the Commissioner of Correction and Reverend Bruno in their individual and official capacities. *Id.*

---

[1] The factual allegations addressed here are drawn from the Amended Complaint.

The Court also noted that the U.S. Marshal could not serve the Commissioner, unless he was identified by name, *id.* at 8. Mr. Ramos subsequently identified the Commissioner as Leo C. Arnone, and the Clerk added Mr. Arnone as a defendant. *See* Notice, ECF No. 13; Order, ECF No. 16.

Mr. Ramos then moved to amend the Complaint and filed two proposed supplemental complaints. *See* Mot. Leave Amend., ECF No. 22; Proposed Suppl. Compl., ECF No. 44; Second Proposed Suppl. Compl., ECF No. 48. He also filed two motions for summary judgment. ECF Nos. 44, 48. Defendants moved to dismiss. *See* Mot. to Dismiss, ECF No. 29.

The Court granted leave to amend, but ordered that the supplemental complaints be removed from the docket because they added allegations unrelated to those raised in the initial Complaint. *See* Ruling on Motions to Amend, to Dismiss, for Summ. J. and Proposed Suppl. Compl. at 4, 12, ECF No. 71. The Court also denied both motions for summary judgment and the motion to dismiss, without prejudice to renewal after the filing of the Amended Complaint. *Id.* at 12-15.

The Court also "warn[ed] Mr. Ramos that he has not been granted leave to add any of the new claims from his proposed supplemental complaint." *Id.* at 15. The Court directed Mr. Ramos to file an amended complaint identifying himself as the plaintiff, Commissioner Arnone, Commissioner Dzurenda, Deputy Commissioner Scott Semple, and Reverend Bruno as defendants. It also instructed Mr. Ramos to "include the First Amendment free exercise and RLUIPA claims, as well as the Fourteenth Amendment equal protection claim as asserted in the complaint against Reverend Bruno and Commissioner Arnone and the deprivation of property claim and the free exercise of religion claim as asserted in the proposed amended complaint against Commissioner Dzurenda and Deputy Commissioner Semple." *Id.* Additionally, the Court

3

referred the case to Magistrate Judge Holly B. Fitzsimmons for a settlement conference. *See* Order, ECF No. 72.

The Court partially granted Mr. Ramos's motion for appointment of counsel. *See* Ruling on Pending Mot. at 9, ECF No. 73. While Mr Ramos had "not demonstrated a need for the appointment of *pro bono* counsel for the purposes of trial, the Court recognized that Mr. Ramos may benefit from representation at the recently scheduled settlement conference in this matter." *Id*.

Mr. Ramos filed an Amended Complaint. He alleged several different violations:

> the deprivation of property; deprivation of free exercise; deprivation of free exercise of religion; deprivation of equal protection rights; deliberate indifference to plaintiffs property, due process right(s) and religious needs; denial of property/theft of property . . . violated Plaintiff Jose Ramos' rights and constituted cruel and unusual punishment, a due process violation, a free exercise violation, a free exercise of religion violation, deprivation of property, a violation of equal protection under the First Amendment, 9th and Fourteenth Amendment, and RLUIPA, to the United States Constitution.

Amend. Compl. ¶ 27. He sought declaratory and injunctive relief, $500,000 in compensatory damages and an additional $500,000 in punitive damages. *Id.* ¶¶ 29-32. Defendants again moved to dismiss. *See* Mot. to Dismiss, ECF No. 83.

On April 13, 2017, Paul L. Brozdowski was appointed pro bono counsel under Local Rule 83.10. *See* Order, ECF No. 81. He filed an appearance on April 18, 2017. Notice, ECF No. 82.

Magistrate Judge Fitzsimmons held a settlement conference with the parties on May 31, 2017. The parties then filed a notice of voluntary dismissal on June 16, 2017. Notice, ECF No. 93. In light of the notice of voluntary dismissal, the Court directed the Clerk to administratively close the file "without prejudice to re-opening on or before 8/19/2017." *See* Order Dismissing Case, ECF No. 94.

4

Mr. Ramos now moves for a judgment on the pleadings "and/or" a motion to compel. Pl. Mot., ECF no. 96. He argues that Defendants delayed payment of $1,000, a term of the settlement, and conditioned payment on the filing of a W-9 tax form, even though the Settlement Agreement did not contemplate the filing of the form. *Id.* at 2-3. As a result, Mr. Ramos concludes that "Defendants have breached Contract and waisted [sic] enough of everyons [sic] time." *Id.* at 5. He seeks an additional $30,000 in damages.

Defendants object to the motion. Defs. Obj., ECF No. 97. They argue that this Court lacks jurisdiction because it ordered the case dismissed and "[n]o motion to reopen was filed within 30 days of the dismissal." *Id.* at 1. Additionally, they argue that the motion is moot because they deposited $1,000 into Mr. Ramos's inmate trust account on July 26, 2017. *Id.*

## II. STANDARD OF REVIEW

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Comm'n Express Nat., Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *2 (E.D.N.Y. Feb. 17, 2006) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir.1974)).

Settlement agreements are contracts and therefore interpreted according to general principals of contract law. *See Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) ("A settlement agreement is a contract that is interpreted according to general principles of contract law."); *Goldman v. Comm'r of Internal Revenue*, 39 F.3d 402, 405 (2d Cir .1994) ("As the settlement agreement constituted a contract, general principles of contract law must govern its interpretation.").

## III. DISCUSSION

Mr. Ramos argues that Defendants have breached the settlement agreement and he therefore is entitled to an additional $30,000 in damages. The Court disagrees.

First, the motion is procedurally improper because Mr. Ramos is represented, and therefore could have moved through his attorney, appointed for settlement purposes only. *See* Order Appointing Pro Bono Counsel, ECF No. 81; D. Conn. L. R. 83.10(c)(2) ("The presiding judge may appoint counsel for a specific limited purpose, such as for settlement purposes only . . . ."). Mr. Ramos' counsel has not yet withdrawn from his representation of Mr. Ramos. *See* D. Conn. L. R. 83.10(c)(2) ("A limited-purpose appointment will be limited to the purpose identified in the order of appointment and will not extend to any other part of the litigation process. Only in the case of a limited purpose appointment, counsel may withdraw from the case by filing a notice of withdrawal upon fulfillment of the purpose for which appointed.").

Mr. Ramos appears to argue that his motion to compel should be granted because Defendants required routine tax information but failed to include that requirement in the settlement agreement. *See* Pl. Mot. at 4-5 ( "No were in the settlement Agreement, written or verbal, did it state anything about a W-9 Form. . . . Defendants have breached Contract and waisted enough of everyones time."). The request therefore arguably is related to the execution of the settlement, and could be within the scope of his counsel's appointment. As a result, Mr. Ramos could be required to move through his counsel. FED. R. CIV. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.").

Nevertheless, since Mr. Ramos' counsel was appointed for a limited purpose, the negotiation of the settlement agreement, but not necessarily litigation regarding the settlement

6

agreement, the Court will construe the appointment of Mr. Ramos' counsel as having been terminated at the time of the execution of the settlement agreement and Mr. Ramos therefore is free to represent himself. *See* D. Conn. L. R. 83.10(c)(2) ("A limited-purpose appointment . . . will not extend to any other part of the litigation process.").

In any event, this motion should be denied as moot. Mr. Ramos seeks to enforce his settlement agreement, which he claims required payment of $1,000, a deck of tarot cards, and one telephone call to Avanti, Inc. *See* Pl. Mot. at 3.[2] Mr. Ramos does not dispute that he has already received the tarot cards or has been allowed to make the call; he only claims delay in the payment of the $1,000. Defendants have provided documentation to show that the $1,000 was transferred to the Plaintiff's inmate trust account on July 26, 2017. *See* Defs. Obj. at 1, ECF No. 97; *see also* Trust Account Statement, Defs. Obj., Ex. A. As a result, the terms of the settlement agreement have been satisfied and there is nothing for the Court to decide with respect to it.

Finally, in the absence of any express language in the settlement agreement to the contrary, it is hard to construe Mr. Ramos' claims as constituting a material breach of a settlement agreement. A settlement agreement is a contract, and a district court can apply general principles of contract law and enforce a settlement agreement reached in a case pending before it. *See Cerilli v. Rell,* No. 3:08-cv-242 (SRU), 2013 WL 1092895, at *1–2 (D. Conn. Mar. 15, 2013) (collecting cases and failing to find material breach where "it is undisputed that the defendants fulfilled their affirmative obligations under the settlement agreement").

Mr. Ramos signed the settlement agreement on "on or about" June 23, 2017. Pl. Mot. at 2.[3] Defendants transferred the money owed under the agreement on July 26, 2017, three days

---

[2] Neither party has placed the Settlement Agreement before the Court.
[3] He also notes he sent a signed copy to his attorney a signed copy "on or about" June 13, 2018. *Id.* at 2.

after the Settlement Agreement required. There is no basis for claiming a breach of the Settlement Agreement. Under the settlement agreement, Defendants were required to pay Mr. Ramos a specific sum of money and deliver tarot cards. Pl. Mot. at 3; Defs. Obj. at 1. As noted above, both of these obligations have been satisfied. There is no basis for claiming that the three-day delay in payment would be a material breach of the agreement. *Cf. Wifiland, LLP v. Sands of Time Campground,* No. FSTCV106010550S, 2013 WL 1494371, at *6 (Conn. Super. Ct. Mar. 22, 2013) ("The court finds, however, that the defendant's 23–day delay in making the final installment of the settlement amount does not constitute a 'material breach' of the agreement entitling the plaintiff to terminate the agreement."); *Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10 CIV. 142 MHD, 2013 WL 709048, at *20 (S.D.N.Y. Feb. 26, 2013), *reconsidered in part*, No. 10 CIV. 142 MHD, 2013 WL 5427883 (S.D.N.Y. Sept. 27, 2013) (noting under New York law "courts routinely hold that delays of days or even weeks in making required periodic payments may constitute non-material breaches . . . .").

There also is no basis for claiming that requiring Mr. Ramos to complete tax forms required under federal law constitutes a material breach of the agreement either. *Cf. Gonzalez v. Jurella,* No. 3:14-cv-01250 (AWT), 2015 WL 9943596, at *5 (D. Conn. Sept. 22, 2015) ("The fact that certain ministerial tasks remained to be completed also does not undermine the Court's finding that the agreement was concluded."); *Trostle v. New York State Dep't of Corr. & Cmty. Supervision*, No. 1:13-CV-709, 2017 WL 4863254, at *2 (N.D.N.Y. Apr. 28, 2017) (instructing plaintiff, over objection, to fill out W-9 and other forms that state agency defendant requested "prior to the issuance of any check in satisfaction of the Judgment . . . ."); *Duse v. Int'l Bus. Machines Corp.*, 252 F.3d 151, 163 (2d Cir. 2001) (finding no breach of settlement agreement, despite non-disclosure agreement, because filing a Form 1099 constituted business necessity).

**IV.     CONCLUSION**

For the reasons discussed above, Mr. Ramos' motion, ECF No. 96, is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 16th day of March, 2018.

          /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge